# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WACHOVIA BANK, N.A., | * |
| Plaintiff, | * |
| v. | *   Case No. WDQ-08-934 |
| NIBROC INVESTMENTS, LLC, et al., | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of defendant Daryl W. Corbin's (hereinafter, "defendant") Motion for Order Declaring Judgment Satisfied and to make recommendations concerning damages, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 13.) By Letter Order on November 6, 2013, I established a deadline for plaintiff to file its opposition. (ECF No. 14.) Currently pending is defendant's Motion for Order Declaring Judgment Satisfied (MD Rule 3-626) ("Motion") (ECF No. 12) and plaintiff's Opposition to Daryl W. Corbin's Motion for Order Declaring Judgment Satisfied and Memorandum in Support ("Opposition") (ECF Nos. 15, 16.) I have reviewed defendant's Motion and plaintiff's Opposition. Defendant did not file a reply.[1] No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, I respectfully recommend that defendant's Motion (ECF No. 12) be DENIED.

---

[1] Plaintiff served a copy of its Opposition on defendants Daryl W. Corbin and NIBROC Investments, LLC, by first-class mail on November 22, 2013. (ECF No. 15 at 2; ECF No. 16 at 5.)

I.  **BACKGROUND**

Plaintiff Wachovia Bank, N.A., n/k/a Wells Fargo Bank, N.A. ("plaintiff") is a national banking association and defendant NIBROC Investments, LLC ("NIBROC") was plaintiff's customer. (Complaint, ECF No. 1 at ¶¶ 1-2.) NIBROC deposited a check for $105,273.06 into its account on November 21, 2007,[2] indorsed by defendant Daryl W. Corbin, and plaintiff provided a provisional credit. (Id. at ¶¶ 8-9.) Funds totaling $95,000.00 were debited from the account and the check was ultimately returned unpaid. (Id. at ¶¶ 10-11.) Defendant and NIBROC failed to pay plaintiff for the debited funds. (Id. at ¶ 13.) On April 15, 2008, plaintiff filed a Complaint against Daryl W. Corbin and NIBROC alleging breach of contract, indorsement liability, and unjust enrichment. (ECF No. 1.) Plaintiff filed a Motion for Default Judgment (ECF No. 8) and a Motion for Entry of Default by the Clerk (ECF No. 9) on September 22, 2008. The Clerk entered an Order of Default (ECF No. 10) against both NIBROC and defendant on September 24, 2008 and Judge Quarles entered a Default Judgment Order (ECF No. 11) on October 10, 2008 in the total amount of $105,273.06 comprised of the principal sum, interest at the judgment rate, and costs and attorney's fees totaling $10,000.00. (ECF No. 11.) On December 12, 2008, plaintiff properly indexed and recorded the judgment in Frederick County, Maryland. (ECF No. 16 at 2.) This judgment created a lien on defendant's interest in land in Frederick County, specifically the property at 6607 Haydown Court, Frederick, Maryland, 21703, jointly owned by defendant and his ex-wife. (Id.)

On November 18, 2009, defendant filed for bankruptcy under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. (ECF No. 16 at 2; Bankruptcy Case No. 09-32446.) In his bankruptcy filing, plaintiff noted that he was the

---

[2] It appears that the Complaint incorrectly cites this date as November 21, 2008, given that subsequent events surrounding the check occurred in 2007 and plaintiff filed the Complaint in April 2008. (ECF No. 1 at ¶¶ 8-11.)

joint owner of the townhouse at 6607 Haydown Court, Frederick, Maryland, 21703, a property valued at $75,000.00 with $53,522.42 in secured claims against it. (Schedule A – Real Property, Bankruptcy Case No. 09-32446, ECF No. 2 at 3.) On March 27, 2012, United States Bankruptcy Judge Thomas Catliota issued an Order Granting Discharge of Debtor [defendant herein] after Completion of Chapter 13 Plan and a Final Decree closing the bankruptcy proceeding, thereby discharging defendant. (ECF No. 12-1 at 1-2.) On August 6, 2013, defendant filed the instant Motion for Order Declaring Judgment Satisfied.[3] (ECF No. 12.) NIBROC did not file a petition for bankruptcy (ECF No. 16 at 2) nor did NIBROC join defendant in the Motion currently pending before this court (ECF No. 12). Plaintiff opposes the Motion, arguing that declaring its judgment against plaintiff satisfied is inappropriate because: 1) plaintiff still has an existing judgment lien against defendant's real property; and 2) plaintiff would be irreparably harmed if the court grants the pending Motion because plaintiff could not enforce its judgment against NIBROC. (ECF No. 16 at 3-4.)

## II. DISCUSSION

When a debtor receives a discharge in bankruptcy, "a lien on real property passe[s] through bankruptcy unaffected."[4] Dewsnup v. Timm, 502 U.S. 410, 418 (1992); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 782 (4th Cir. 2001). A discharge of debts under Chapter 13 of the United States Bankruptcy Code "voids any judgment at any time obtained, to

---

[3] Although not cited by defendant, Federal Rule of Civil Procedure 60 provides that: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [… if] the judgment has been satisfied, released or discharged." Fed. R. Civ. Pro. 60(b)(5).

[4] A narrow exception to this general rule exists if a preexisting property lien lacks all economic value and the lien holder has a wholly unsecured claim. First Mariner Bank v. Johnson, 411 B.R. 221, 224 (D. Md. 2009). According to the documents filed by defendant in the bankruptcy proceedings, this exception does not apply in the present action. Defendant reported that the Frederick property was valued at $75,000.00, with $53,522.42 of secured claims against it. (Schedule A – Real Property, Bankruptcy Case No. 09-32446, ECF No. 2 at 3.) The remaining $21,477.58 of the property's value serves as equity to secure plaintiff's lien.

3

the extent that such judgment is a determination of the *personal* liability of the debtor." 11 U.S.C. §524(a)(1) (emphasis added). This discharge may still leave creditors with a means of collection, because "a bankruptcy discharge extinguishes only one mode of enforcing a claim-namely, an action against the debtor *in personam*-while leaving intact another-namely, an action against the debtor *in rem*." Johnson v. Home State Bank, 501 U.S. 78, 84 (1991).

The undersigned recommends denying defendant's Motion because plaintiff recorded a valid lien against defendant's real property prior to the bankruptcy proceedings and, therefore, the real property lien passed through defendant's bankruptcy unaffected. Dewsnup, 502 U.S. at 418. Plaintiff recorded the default judgment, thereby creating a lien against the property at 6607 Haydown Court, Frederick, Maryland, 21703, on December 12, 2008, almost a year prior to defendant's initiation of Chapter 13 bankruptcy proceedings. (ECF No. 16 at 2.) Although the bankruptcy proceeding voided defendant's personal liability, plaintiff still has an existing judgment *in rem* against defendant and the judgment has not yet been satisfied or fully discharged.

Additionally, the undersigned recommends denying defendant's Motion because the Default Judgment Order is "against the Defendants, Daryl W. Corbin and NIBROC Investments, LLC, jointly and severally." (ECF No. 11.) Defendant does not assert that the bankruptcy proceeding—or the discharge in bankruptcy—involved NIBROC. Accordingly, plaintiff's judgment against NIBROC is unaffected by the bankruptcy discharge. See In re Leonard, 307 B.R. 611, 613 (Bankr. E.D. Tenn. 2004) ("there is no injunction preventing a creditor from proceeding with collection actions against a non-filing co-debtor once a Chapter 13 case has

ended.") Accordingly, it is not appropriate to enter an order declaring the judgment against NIBROC satisfied.[5]

### III. **CONCLUSION**

For the foregoing reasons, I recommend that the court deny defendant's Motion for Order Declaring Judgment Satisfied. (ECF No. 12.)

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:  1/3/2014                                         /s/
                                                        Beth P. Gesner
                                                        United States Magistrate Judge

---

[5] Although the court could provide relief from judgment as to only one of the parties, see Matter of Kranich, 51 B.R. 286, 288 (Bankr. M.D. Fla. 1985), the undersigned concludes, as discussed above, that a discharge as to defendant is not appropriate given the existing lien against defendant's real property.